UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

TROY LEE EDMONDS                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 4:17-CV-P122-JHM

DAVIESS COUNTY DETENTION CENTER                            DEFENDANT

**MEMORANDUM OPINION**

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Troy Lee Edmonds leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF COMPLAINT**

Plaintiff brings this action against the Daviess County Detention Center (DCDC). In the complaint, he writes as follows:

> I Troy Edmonds is being housed at DCDC for McLean Co. DCDC does not have a law library or mean to me so I can prepare myself for a fair trial I have no access to law library or law books I need I'm being violated of my 14th constitutional right 14 section 2 I want to be moved to a facility were I will have access to law library.

As relief, Plaintiff seeks compensatory damages and injunctive relief in the form of release to probation. He also asks the Court to "put law library at DCDC for inmates."

**II. LEGAL STANDARD**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d

340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Prisoners do have a right of access to the courts, but it does not guarantee access to a prison law library. *Id.*; *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). "[A] prisoner's constitutionally-guaranteed right of access to the courts [is] protected when a state provides that prisoner with either the legal tools necessary to defend himself, *e.g.*, a state-provided law library, or the assistance of legally trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (per curiam) (emphasis added)); *see also Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991) (holding no constitutional violation where jail provided legal material upon request and inmate was represented by appointed counsel during his criminal case since constitution only requires adequate law library or appointed counsel). In *Holt*, the Sixth Circuit held that where an inmate was offered legal counsel but did not choose to avail himself of that legal counsel until the day before trial, his constitutional right of access to the courts was not violated. *Holt*, 702 F.2d at 640-41. The Sixth Circuit has also held that where a pretrial detainee is represented by counsel, a jail cannot be said to have interfered with his right of access to the courts regardless of the nature of its law library, as the access right is adequately protected by the inmate's legal counsel. *Leveye v. Metro. Public Defender's Office*, 73 F. App'x 792, 794 (6th

3

Cir. 2003). According to the KYeCourts database, https://kcoj.kycourts.net/kyecourts, Plaintiff is represented by a public defender in the criminal cases proceeding against him in McLean County.

Thus, the Court the finds that Plaintiff's complaint fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date: October 4, 2017

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
    Daviess County Attorney
4414.011